**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., ) | No. CV 12-900-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Everardo Rubio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff's motion for entry of default judgment. The Clerk of the Court entered default on October 9, 2012. Plaintiff now seeks default judgment in the amount of $112,200.00.

Plaintiffs damages are broken down into three categories: 1) statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); 2) enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and 3) conversion damages pursuant to Arizona law. Plaintiff seeks $10,000, $100,000, and $2,200, in the respective categories. Declaration of Thomas Riley at ¶ 7.

**1.    Statutory Damages**

Statutory damages are appropriate when actual damages cannot be easily proven. *J & J Sports Productions, Inc. v. Canedo*, 2009 WL 4572740, *5 (N.D. Cal. 2009). "Under § 605(e)(3)(C)(i)(II), an aggrieved party may recover 'a sum not less and $1,000 or more than $10,000, as the court considers just' for each violation." *J & J Sports Productions Inc. v.*

*Miramontes*, 2011 WL 892350, * 2 (D. Ariz. March 14, 2011). Further, "[a]n award of damages should deter future conduct but not destroy the business. *Kingvision Pay–Per–View v. Lake Alice Bar*, 168 F.3d 347, 360 (9th Cir.2009)." *Id.*

In *Miramontes*, another Judge in this district held:

> [Defendant] is a commercial establishment with a maximum capacity of 250 people. According to plaintiff's investigator, the establishment had 2 televisions and the total number of patrons at any given time were 8, 9, or 12. Given the relatively small impact of defendants' actions and the extremely low number of patrons in attendance, maximum statutory damages are not appropriate. If defendants had purchased the rights to show the broadcast it would have paid $1,400 (based on their 250 maximum capacity). Therefore, we find statutory damages in an amount double that, or $2,700, are appropriate.

*Id.*

In this case, Defendant's establishment had 30 patrons at the time the boxing match was broadcast, and had a maximum capacity of 30 patrons. Doc. 13-1 at 14. Plaintiff offered no information about what an establishment of 30 people would have had to pay for the program. Further, Plaintiff's total argument regarding how this Court should calculate damages is, "Plaintiff respectfully requests that this Court award the maximum $10,000 permissible under the statute." *Id.* at 10 (Plaintiff then cites other courts which awarded the maximum amount).

Based on the size of the establishment, and the lack of evidence regarding what purchasing the program would have cost, the Court finds the minimum penalty to be appropriate and will award $1,000.00 under § 605(e)(3)(C)(i)(II).

**2. Enhanced Damages**

"Enhanced damages are awarded upon a showing that defendant acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain. Under § 605(e)(3)(C)(ii), the court may award up to $100,000... ." *Miramontes*, 2011 WL 892350, *2. In deciding whether to award enhanced damages,

> Courts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices. *See Kingvision Pay–Per–View v. Gutierrez*, 544 F.Supp.2d 1179, 1185 (D. Colo. 2008). Some courts find the mere unauthorized showing of a program sufficient to award

enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit. *See Entertainment By J & J, Inc. v. Al–Waha Enter., Inc.*, 219 F.Supp.2d 769, 776 (S.D. Tex. 2002).

*Id.*

Here, the is no evidence of substantial unlawful monetary gains, actual damages, advertising, cover charges, or premium drink or menu prices. *See* Doc. 13-3, pages 1-6. Plaintiff has submitted evidence that this is the second case brought against this establishment. Further, Plaintiff alleged that Defendant's showing of the fight was willful and that allegation is accepted as true for purposes of default judgment. Doc. 1 at 4-5. Thus, some measure of enhanced damages is appropriate; however, not the statutory maximum of $100,000 that Plaintiff seeks.

Like *Miramontes*, there is only one aggravating factor in this case; specifically, that Defendant has another violation. *See id.* Thus, like the Court in *Miramontes*, this Court finds $10,000.00 in enhanced damages to be appropriate. *See also Joe Hand Promotions, Inc. v. Coen*, 2012 WL 2919710, *2 (D. Ariz. July 17, 2012) (awarding $10,000 in enhanced damages for deterrence purposes).

**3.   Conversion**

Plaintiff seeks $2,200.00 in conversion damages. Declaration of Thomas P. Riley at 2. In *Coen,* this Court found that conversion damages might be recoverable. 2012 WL 2919710, *2 In *J & J Sports Productions Inc. v. Diaz*, 2012 WL 1134904, *2 (D. Ariz. April 4, 2012) another Court in this District also found that conversion damages might be recoverable. In both of those cases, the Court awarded $1 in nominal damages due to lack of proof on Plaintiff's part.

Here, Plaintiff does not explain how the value of what was converted was $2,200.00.[1] Further, Plaintiff states that the evidence of conversion is the "Gagliardi Affidavit ¶ 8." Doc.

---

[1] In *Diaz*, the Court noted $2,200.00 was the price to purchase the program for a commercial establishment the size of the venue in *Diaz*. Here, the Court has no similar evidence, but because it is the same number, the Court suspects Plaintiff arrived at $2,200.00 for the same reason.

- 3 -

1 13-1 at 19. No such affidavit is in this record. Accordingly, because the Court has no
2 evidence of conversion damages, the request for conversion damages will be denied,
3 including that the Court will not award nominal damages.

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's motion for entry of default judgment (Doc. 13) as specified above; the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant Rubio in the amount of $11,000. Plaintiff may move for attorney's fee as provided in the Civil Local Rules.[2]

DATED this 11th day of March, 2013.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Statutory and Enhanced Damages arise under Court I of the Complaint. Conversion Damages arise under Count III of the Complaint. Count II of the Complaint seeks $60,000 under 47 U.S.C. § 553. Because the motion for default judgment does not mention this claim at all, the Court deems it to be dismissed with prejudice with Plaintiff to take nothing on Count II.

- 4 -